

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-26-00063-CV

Randall C. **BROWN** d/b/a RB Property Management and Donald D. Bowers and Patricia W.
Bowers d/b/a Comfort Mobile Home Park,
Appellants

v.

Robert E. **GAINES**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 25-412
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting: Rebeca C. Martinez, Chief Justice
    H. Todd McCray, Justice
    Velia J. Meza, Justice

Delivered and Filed: July 15, 2026

DISMISSED

Appellants are challenging the denial by operation of law of their motion to dismiss
pursuant to the Texas Citizens Participation Act (TCPA). We dismiss the appeal as moot.

Appellants filed their TCPA motion on September 24, 2025. The trial court conducted a
hearing on December 1, 2025. Pursuant to Texas Civil Practice and Remedies Code § 27.005(a),
a trial court shall rule on a TCPA motion within 30 days of the hearing. TEX. CIV. PRAC. & REM.

CODE § 27.005(a). Accordingly, the trial court was required to issue a ruling no later than December 31, 2025, or the motion would be denied by operation of law. *Id.*, at § 27.005(b). The trial court failed to issue a ruling by that date.

However, the trial court subsequently granted appellants' TCPA motion to dismiss on January 8, 2026 and entered final judgment for appellants. While this occurred after the expiration of section 27.005(a)'s thirty-day window, we conclude that "nothing in the TCPA extinguished the trial court's plenary power to reconsider the TCPA motion's merits." *First Sabrepoint Capital Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 83 (Tex. 2025).

Accordingly, appellants' appeal is now moot. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) ("Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders."); *Gen. Land Off. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (holding appeal mooted by order granting plaintiff's motion to dismiss underlying suit); *Zakarin v. World Wide Exp.*, No. 02-12-00496-CV, 2013 WL 826440, at *1 (Tex. App.—Fort Worth Mar. 7, 2013, no pet.) (holding that order setting aside the denial of a special appearance mooted the appeal of the denial).

We therefore DISMISS this appeal as moot.

PER CURIAM